UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHEILA TUTOR,**

Plaintiff,

**vs.**                                                                 **CASE NO.**

**VALENTINE & KEBARTAS, INC.,**

Defendants.

_____/

## COMPLAINT
## JURY TRIAL DEMANDED

1.      Plaintiff, SHEILA TUTOR, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.       This Court has jurisdiction pursuant to 15 U.S.C. §1692k, and 28 U.S.C. § 1331, 1337, and 1367.

3.      Venue in this District is proper because Plaintiff resides in this District and Defendant placed telephone calls into this District.

## PARTIES

4.      Plaintiff, SHEILA TUTOR is a natural person and a citizen of the State of Florida, residing in Polk County in the Middle District of Florida.

5.     Defendant, VALENTINE & KEBARTAS, INC., is a foreign corporation not authorized to do business in the State of Florida with its principal place of business at Lawrence, Massachusetts.

6.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.     Defendant regularly collects or attempts to collect debts for other parties.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a and Fla. Stat. 559.55(6).

9.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.    Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11.    Defendant left the following messages on Plaintiff's residential telephone on or about the dates stated:

March 2, 2011 (could also be 2/23/2011) at 1:17 PM.
"This message is for Sheila Tutor.  This is Josh Ebert I do need you to return my phone call as soon as possible.  My telephone number is 800-731-7766 extension 297."

March 3,2011 (could also be 2/24/2011) at 8:24 AM
"Yes this message is for Sheila.  I need to speak to you as soon as possible. My telephone number is 800-731-7766.  My extension is 297."

<u>March 3, 2011 (could also be 2/24/2011) at 3:56 PM</u>
"Hi Good afternoon.  This message is for Ms. Sheila Tutor.  My name is Ms. Thomas.  I am with the offices of Valentine and Kebartas.  Sheila, there has been several attempts to try and reach you since the month of January."

<u>March 3, 2011 (could also be 2/24/2011) 11:41 AM</u>
"Hi and good morning.  This message is for Ms. Sheila Tutor.  Ms. Tutor my name is Ms. Thomas. I am with the offices of Valentine and Kebartas.  It is imperative you return my call.  There has been several messages left for you.  Since November sent you letters in the mail.  I see you have retained an attorney.  Please feel free to contact me with that information.  My number here is 941-757-5137 and my direct extension is 223.  It is imperative that you contact my office."

12.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

**<u>COUNT I</u>**
**<u>FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR</u>**
**<u>IN VIOLATION OF THE FDCPA</u>**

15.     Plaintiff incorporates paragraphs 1 through 14 above as if fully set forth herein.

16.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE** Plaintiff SHEILA TUTOR prays that this Court:

a. Declare that Defendant's debt collection practices violate the FDCPA;

b. Enter judgment in favor of Plaintiff, SHEILA TUTOR, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

c. Grant such further relief as this court deems just, equitable, and proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA

17.     Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

18.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (N.D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE** Plaintiff SHEILA TUTOR prays that this Court:

    a.  Declare that Defendant's debt collection practices violate the FDCPA;

    b.  Enter judgment in favor of Plaintiff, SHEILA TUTOR, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

    c.  Grant such further relief as this court deems just, equitable, and proper.

<u>COUNT III</u>
<u>TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING
IN VIOLATION OF THE FDCPA</u>

25.    Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

26.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

**WHEREFORE** Plaintiff SHEILA TUTOR prays that this Court:

    a.  Declare that Defendant's debt collection practices violate the FDCPA;

    b.  Enter judgment in favor of Plaintiff, SHEILA TUTOR, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

    c.  Grant such further relief as this court deems just, equitable, and proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED
## CALLS TO A CELLULAR TELEPHONE

27.     Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

28.     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or prerecorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

**WHEREFORE** Plaintiff SHEILA TUTOR prays that this Court:

a.  Declare that Defendant's debt collection practices violate the FDCPA;

b.  Enter judgment in favor of Plaintiff, SHEILA TUTOR, and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a); and

c.  Grant such further relief as this court deems just, equitable, and proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

29.     Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

30.     Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

**WHEREFORE**, Plaintiff SHEILA TUTOR prays that this Court:

    a.  Declare that Defendant's debt collection practices violate the FCCPA;

    b.  Permanently enjoin Defendant from engaging in the complained of practices;

    c.  Enter judgment in favor of Plaintiff SHEILA TUTOR and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by Fla. Stat. § 559.77(2); and

    d.  Grant such further relief as this court deems just, equitable, and proper.

**COUNT VI**
**HARASSMENT IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

31.    Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

32.    By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

33.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

**WHEREFORE** Plaintiff SHEILA TUTOR prays that this Court:

    a.  Declare that Defendant's debt collection practices violate the FCCPA;

    b.  Permanently enjoin Defendant from engaging in the complained of practices;

c.  Enter judgment in favor of Plaintiff SHEILA TUTOR and against Defendant, for actual and statutory damages, costs, and reasonable attorney's fees as provided by Fla. Stat. § 559.77(2); and

d.  Grant such further relief as this court deems just, equitable, and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

THE CONSUMER RIGHTS LAW GROUP, PLLC

_____ /s/ James S. Giardina
James S. Giardina, Esq.
*Trial Counsel*
FBN: 0942421
3802 W Bay to Bay Blvd., Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
*Attorneys for Plaintiff*